# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PEARL L. KELLY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-02043-TLP-dkv |
| ) | |
| COLLIERVILLE385MOTORS, LLC, d/b/a ) | JURY DEMAND |
| COLLIERVILLE CHRYSLER DODGE ) | |
| JEEP RAM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## SCHEDULING ORDER

This cause was before the Court on April 6, 2018 for a Scheduling Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rules 16.1 and 16.2. Present were Tressa V. Johnson and Kristy L. Bennett, counsel for Plaintiff, and Gabriel P. McGaha, counsel for Defendant. Prior to the scheduling conference, on March 16, 2018 and March 29, 2018, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f).

The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):** April 13, 2018

**MOTIONS TO JOIN PARTIES:** June 15, 2018

**MOTIONS TO AMEND PLEADINGS:** June 15, 2018

**MOTIONS TO DISMISS:** July 16, 2018

**ALTERNATIVE DISPUTE RESOLUTION:**

**(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** August 15, 2018

**(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c):**

**Mediator's Name:**  Frank Cantrell

**COMPLETING ALL DISCOVERY:** October 22, 2018

    **(a) WRITTEN DISCOVERY:**  September 14, 2018, except that the Parties agree that any document or other tangible item which may be identified for the first time during any deposition may be requested through Requests for Production of Documents and Things after this date within a reasonable time frame following the deposition.

**(b) DEPOSITIONS:** October 22, 2018

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2):**

    **(a)  DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION:**  August 22, 2018

    **(b)  DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION:** September 14, 2018

    **(c) EXPERT WITNESS DEPOSITIONS:**  October 22, 2018

**MOTIONS TO EXCLUDE UNDER F.R.E. 702/*DAUBERT* MOTIONS:** November 30, 2018

**SUPPLEMENTATION UNDER RULE 26(e)(1):**  October 22, 2018

**FILING DISPOSITIVE MOTIONS:**  November 30, 2018

**JOINT PROPOSED PRETRIAL ORDER DUE:**  February 22, 2019 by close of business. (E-Mail Joint Proposed Pretrial Order in Word format to: ECF_Judge_Parker@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE:**   March 1, 2019 at 9:00 a.m.

**JURY TRIAL:**  March 27, 2019 at 9:30 a.m.  Trial is anticipated to last approximately 3 days.

**OTHER RELEVANT MATTERS**:

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and other than potential e-mail and text message communications, at this time the parties do not anticipate there being any discovery conducted regarding ESI in this litigation. To identify and preserve any potential ESI, Counsel for Plaintiff will alert and Counsel for Defendant has alerted their clients to ensure

proper protections are in place to prevent deletion of documents potentially relevant to this litigation, to notify those persons in relevant positions to refrain from destroying ESI that may be relevant to the claims in this litigation, and to ensure no inadvertent deletion of ESI occurs. For any relevant e-mail communications, the parties will produce such communication via hard copy. The parties do not expect to perform any forensic searches on computer hard drives. The parties are not aware of any discoverable deleted ESI. The parties do not anticipate requesting any discoverable ESI with embedded data and/or metadata. For any ESI discovered during the course of this litigation, however, the parties have agreed to produce paper copies of any electronically stored documents that are produced in response to document requests. The parties are not aware of any discoverable ESI that is not reasonably accessible at this time. In the event any privileged information is inadvertently disclosed via any ESI, the parties agree that the privilege is not waived.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

The parties are ordered to engage in ADR before the ADR deadline. Pursuant to Local Rule 16.2(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

The parties do not consent to trial before the Magistrate Judge.

***This order has been entered after consultation with the parties.  Absent good cause***

*shown, the deadlines set by this order will not be modified or extended.*

**SO ORDERED**, this 9th day of April, 2018.

                                            s/ Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE